UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. _____

CRAIG CUNNINGHAM, an
Individual,

    Plaintiff,

vs.

CARRIBEAN CRUISE LINES,
INC., a Florida corporation, d/b/a NATIONWIDE RESERVATIONS

    Defendant.
_____/

## COMPLAINT

Plaintiff, CRAIG CUNNINGHAM, by and through his undersigned counsel, hereby sues the above-named Defendant, and states:

### I.  PRELIMINARY STATEMENT

This is a civil action whereby Plaintiff seeks Preliminary and Permanent Injunctive Relief and statutory and actual Damages against CARRIBEAN CRUISE LINES, INC., d/b/a NATIONAL RESERVATIONS ("Carribean"), for violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA"), and the Florida Unfair and Deceptive Trade Practices Act, Fla. Stat. §501.201 *et. seq*. ("FDUTPA"). Plaintiff alleges that Defendant has either itself or through its agents, servants, and/or contractors, who may have acted with its full knowledge and direction, unlawfully called Plaintiff's cellular telephone in an attempt to solicit business from Plaintiff in direct contravention with the aforesaid statutes. Furthermore, Plaintiff seeks injunctive relief as well as damages, attorney's fees and costs in accordance with the TCPA and FDUTPA.

### II.  PARTIES

1. Plaintiff, CRAIG CUNNINGHAM ("Cunningham"), is a natural person, and citizen of the State of Tennessee, Florida and is a ""person" as defined by 47 U.S.C. §152(32), and a "consumer" as defined by Fla. Stat. §501.203.

2. At all times material hereto, Defendant, Carribean, was and is a Florida corporation, with its principal place of business in Ft. Lauderdale, Florida.

1

3.   Defendant is a person as defined by 47 USC 227(a)(2)(A).

### III. JURISDICTION AND VENUE

4.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331, 1332, and 1337; and 47 U.S.C. §227.[1]

5.   Additionally, this court has supplemental jurisdiction over the Plaintiff's FDUTPA state claims pursuant to 28 U.S.C. §1367.

6.   Venue in this District is proper in that the Defendant, by virtue of the calls, has its principal place of business here, has transacted business within this District, and because the calls complained of originated from within this District.

### IV. FACTUAL ALLEGATIONS

7.   Beginning in 2012, and continuing throughout 2014, the Plaintiff received multiple phone calls from the Defendant or its principals, agents, contractors, or employees to his cellualar telephone.

8.   The Plaintiff's cell phone number at the time was ***-***-7465.

9.   In making the calls to Plaintiff's cell phone, Defendant utilized an automatic dialing system as defined by the TCPA in making each of the calls to Plaintiff's phone defined by 47 USC 227(a)(1), which can store or produce telephone numbers to be called using a random or sequential number generator.

10.  Each of the calls contained multiple versions of pre-recorded messages, for example *"...includes your cabin, all your delicious meals, live entertainment, a stunning casino, relaxing spa and fun kids program. You are really going to have a good time. I just need to speak with you to get your paperwork together, so if you can give me a call on our toll-free line 1-800-446-1524, anytime this week between 10 AM to 10PM, we can complete your registration. If you feel this message is in error or you've changed your mind and don't wish to claim your free cruise, simply call us at 1-800-922-6373 and we'll take you off the contact list. Again my number to complete your registration is 1800-446-1524 and don't forget to ask about some additional benefits we have for you as well."*

11.  The Plaintiff is unsure how the Defendants obtained his cell phone number as he never gave it to them and never gave express or implied consent for the defendants to call his cell phone using an

---

[1] Federal courts have jurisdiction over private suits arising under the TCPA. *Mims v. Arrow Financial Services, LLC.,* 132 S. Ct. 740 (2012).

automated telephone dialing system or with a pre-recorded message.

12. Under the TCPA, a telephone solicitation call may not be made to a person without the called party's express written request.

13. At no time did the Plaintiff provide the Defendant with such written consent.

14. By way of example, Plaintiff received phone calls to his cellular phone from phone number 800-446-1524 on: November 15, 2012; November 19, 2012; November 21, 2012; November 23, 2012; November 24, 2012; and November 27, 2012.

15. 800-446-1524 is a number associated with Defendant.

16. Each of the calls were made in an attempt to induce Plaintiff to sign up for a cruise package. The Plaintiff, in an attempt to get the calls to stop, did ultimately pay for a cruise package, which constitutes actual damages in this case.

17. In none of the pre-recorded messages did the Defendant identify who the caller was, or on behalf of what company the call was being made.

18. Ultimately, the Plaintiff signed up for a cruise package only to ascertain the identity of the calling party, and to try to put an end to the repetitive calls.

19. In 2014, the Plaintiff filed suit in Tennessee against the Defendant and even after filing suit against the Defendant, they placed two additional telephone calls to the Plaintiff's cell phone in 2014.

20. The Tennessee court dismissed the suit on Defendant's motion, which asserted that any cause of action must be brought in this district.

21. The Defendant was recently the sued by the FTC lawsuit and Attorney Generals of multiple states for violations of telemarketing sales rules.

22. In that suit, the Defendant entered into a consent judgment for $7 million dollars for its billions of telemarketing violations.

23. The calls at issue in the case described in paragraph 21 were made in as part of a coordinated marketing strategy by Defendant to ramp up sales and induce consumers to purchase goods/services from Defendant by a nationwide automated call campaign.

24. Even after the FTC filed its lawsuit, and despite its knowledge of the fact that "a ton of complaints" were being generated as a result of the robocalls calls being, the Defendant continued to place

3

automated calls with pre-recorded messages to Plaintiff's cellular telephone.

25. The Plaintiff's cellular telephone serves as his sole phone number, and is therefore also his residential line.

26. The calls in question violated 47 U.S.C. § 227(b)(1)(iii) entitling the Plaintiff to recover up to $1500 for each non emergency phone call Defendant made to Plaintiff's cellular telephone by use of an automated telephone dialing system.

27. Each of the calls placed by or on behalf of the Defendant violated 47 U.S.C. § 227(b)(2) entitling the Plaintiff to recover an additional $1,500.00 for each call Defendant made which used an artificial or prerecorded voice to deliver a message without the Plaintiff's express consent.

28. Pursuant to 47 U.S.C. § 227, each of the calls placed by or on behalf of the Defendant violated 47 C.F.R. 64.1200(a) and (b) in that they constituted auto-dialed, non-emergency solicitation calls to a cellular phone, during which the pre-recorded messages failed to state the name of the entity/individual placing the calls. Plaintiff is entitled to recover up to $1,500.00 per call which separately violated Rule 64.1200.

**Actual Damages**

29. The Plaintiff has suffered actual damages in the amount paid for the cruise as it was illegally obtained as the result of an illegal telemarketing call. Additionally, the Plaintiff has suffered actual damages in the form of common law invasion of privacy as the Plaintiff has a right to be left alone, and by making repeated, unsolicited telephone calls to the Plaintiff, particularly after being served with a previous lawsuit infringes on that right to be left alone.

30. The Plaintiff has additionally been damaged in that valuable minutes were lost from his cellular phone plan.

31. The Plaintiff furthermore suffered additional damages in the form of stress, inconvenience, annoyance, and frustration by having to engage in litigation to recover damages for the calls in question.

V. **CAUSES OF ACTION**

**COUNT I**
**Violations of the Telephone Consumer Protection Act (TCPA)**
**47 U.S.C. § 227(b)(1)(A)(iii)**

32. The Plaintiff incorporates the factual allegations set forth in paragraphs 7-31 as if fully set

4

forth herein.

33. The Defendant's calls to Plaintiff's cellular telephone calls were not placed for an emergency basis, and therefore violate 47 U.S.C. § 227(b)(1)(A)(iii).

34. The Defendant made such calls to Plaintiff's cellular telephone by use of an automated dialing system.

35. The TCPA provides for statutory damages of $500.00 per call which violates Section 227(b)(1)(A)(iii).

36. The TCPA provides for treble damages of $1,500.00 for calls, which are knowingly placed in violation of Section 227(b)(1)(A)(iii).

37. At the time that each of the calls were made, the Defendant knew or should have known that using an automated dialing system to place calls to Plaintiff's cellular telephone violated the TCPA.

WHEREFORE the Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and as against the Defendant, and grant the Plaintiff statutory damages in the amount of $1,500.00 per call, and for any other relief, which the Court finds fair and equitable.

### COUNT II
### Violations of the Telephone Consumer Protection Act (TCPA)
### 47 U.S.C. § 227(b)(1)(B)

38. The Plaintiff incorporates the factual allegations set forth in paragraphs 7-31 as if fully set forth herein.

39. The Plaintiff's cellular telephone is his residential phone.

40. 47 U.S.C. § 227(b)(1)(B) prohibits using an automated dialing system to plae the making any solicitation or adverting call using a pre-recorded or artificial voice without a party's express consent absent an emergency purpose.

41. The Defendant's calls to Plaintiff were not placed for an emergency basis, and therefore violate 47 U.S.C. § 227(b)(1)(B).

42. The Pliantiff did not expressly consent as that term is defined under the TCPA.

43. Each of the Defendants calls used a pre-recorded message in an attempt to obtain Plaintiff's business.

44. The TCPA provides for statutory damages of $500.00 for each call which violates Section

5

227(b)(1)(B).

45. The TCPA provides for treble damages of $1,500.00 for calls, which are knowingly placed in violation of Section 227(b)(1)(B).

46. At the time the calls were made, the Defendant knew or should have known that making a call using a pre-recorded or artificial voice for the purposes of solicitation violated the TCPA.

WHEREFORE the Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and as against the Defendant, and grant the Plaintiff statutory damages in the amount of $1,500.00 per call, and for any other relief, which the Court finds fair and equitable.

## COUNT III
### Violations of the Telephone Consumer Protection Act (TCPA)
### 47 C.F.R. 64.1220(a)(2)

47. The Plaintiff incorporates the factual allegations set forth in paragraphs 7-31 as if fully set forth herein.

48. The Federal Communications Commission ("FCC") has statutory authority under 47 U.S.C. § 227 to promulgate rules implementing the TCPA.

49. 47 C.F.R. 64.1200 is a Rule promulgated by the FCC under this authority.

50. 47 C.F.R. 64.1200 (a)(2) prohibits any person or entity from initiating any call that either: (1) uses and automatic dialing system; or (2) an artificial or pre-recorded voice to "introduce[] an advertisement or [engage in] telemarketing" to any cellular telephone without the called party's express written consent.

51. Violation of a specific rule promulgated by the FCC under its statutory authority constitutes a separate TCPA violation for which recovery may be had.

52. The Plaintiff did not expressly consent, as that term is defined under the TCPA, to any of Defendant's phone calls to his cellular telephone.

53. Each of the Defendants calls used a pre-recorded message in an attempt to obtain Plaintiff's business, and therefore constitutes telemarketing as contemplated by the TCPA.

54. The TCPA provides for statutory damages of $500.00 for each call which violates any rule promulgated by the FCC to implement the TCPA.

55. The TCPA provides for treble damages of $1,500.00 for calls, which are knowingly placed

6

in violation of a rule promulgated by the FCC.

56. At the time the calls were made, the Defendant knew or should have known that making a call using a pre-recorded or artificial voice for the purposes of solicitation violated the TCPA's Regulations.

WHEREFORE the Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and as against the Defendant, and grant the Plaintiff statutory damages in the amount of $1,500.00 per call, and for any other relief, which the Court finds fair and equitable.

## COUNT IV
### Violations of the Telephone Consumer Protection Act (TCPA)
### 47 C.F.R. 64.1220(b)(1)

57. The Plaintiff incorporates the factual allegations set forth in paragraphs 7-31 as if fully set forth herein.

58. The Federal Communications Commission ("FCC") has statutory authority under 47 U.S.C. § 227 to promulgate rules implementing the TCPA.

59. 47 C.F.R. 64.1200(b)(1) is a Rule promulgated by the FCC under this authority.

60. 47 C.F.R. 64.1200 (b)(1) requires that all artificial or prerecorded messages shall, at the very beginning of the call, clearly identify the calling party.

61. Violation of a specific rule promulgated by the FCC under its statutory authority constitutes a separate TCPA violation for which recovery may be had.

62. The Defendant's prerecorded messages failed to state at any time, let alone at the very beginning of the call, the name of the calling party.

63. The TCPA provides for statutory damages of $500.00 for each call which violates Section any rule promulgated by the FCC to implement the TCPA.

64. The TCPA provides for treble damages of $1,500.00 for calls, which are knowingly placed in violation of a rule promulgated by the FCC.

65. At the time the calls were made, the Defendant knew or should have known that making a call using a pre-recorded or artificial voice which did not identify the calling party was a violation of a Rule promulgated under the TCPA.

WHEREFORE the Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff

and as against the Defendant, and grant the Plaintiff statutory damages in the amount of $1,500.00 per call, and for any other relief, which the Court finds fair and equitable.

## COUNT V
### Violation of Florida's Deceptive and Unfair Trade Practices Act
### Fla. Stat. § 501.201, *et seq.*

66. This is an action under Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Section 501.201, Fla. Stat., *et. seq*.

67. FDUTPA, Section 501.204, renders unlawful, unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce.

68. Section 501.203(3), Fla. Stat., provides that a *per se* violation of FDUTPA occurs when a person violates any [a]ny rules promulgated pursuant to the Federal Trade Commission Act, 15 U.S.C. ss. 41 et seq., . . . which proscribes… unfair, deceptive, or unconscionable acts or practices" constitutes a violation of FDUTPA.

69. Defendants' violations of the TCPA constitute abusive, unfair, deceptive or unconscionable acts or practices within the meaning of Section 501.203(3), Fla. Stat., and, thus, constitute *per se* violations of FDUTPA.

70. The Plaintiff is a "consumer" as defined by Section 501.203(7), Fla. Stat.

71. Defendant was and is engaged in "trade or commerce" as defined in Section 501.203(8), Fla. Stat.

72. Defendant's abusive, unfair, deceptive or unconscionable acts or practices have caused Plaintiff to suffer damages.

73. The Defendant continues to phone Plaintiff's cellular telephone.

74. The acts of Defendants in this matter violate a federal consumer protection statute and therefore violate public policy and offend public decency and fair dealing.

75. The Plaintiff is in doubt as to his rights to be free from Defendant's unwanted and unsolicited calls, and there is a *bona fide*, actual and present need for a declaration that Defendant's acts constitute violations of FDUTPA.

8

76. FDUTPA expressly provides for declaratory relief and actual damages.

77. Plaintiff has retained the undersigned counsel to represent him in this matter and has agreed to pay counsel a reasonable fee for her services.

78. Plaintiff is entitled to recover reasonable attorneys' fees and costs pursuant to Section 501.2105, Fla. Stat.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment:

A. Declaring that Defendant's violations of the TCPA are *per se* violations of FDUTPA;

B. Awarding actual damages to Plaintiff;

C. Awarding pre-judgment interest to Plaintiff as allowed by law;

D. Awarding Plaintiff his attorneys' fees and costs; and

E. Granting such other and further relief as is just and proper.

## VI. JURY DEMAND

The Plaintiff hereby demands trial by jury for any cause so triable as a matter of right. Respectfully submitted this 9th day of December, 2015

_____/s_____

Sylvia L. Wenger, Esq.
Florida Bar No. 0125148
Wenger Mediation and Legal Services, LLC
9000 Burma Road, Suite 102
Palm Beach Gardens, FL  33403
Telephone:    (561) 515-7751
Facsimile:(561) 744-0214
*Counsel for the Plaintiff*