UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 15-62580-CIV-MORENO

CRAIG CUNNINGHAM,

    Plaintiff,

vs.

CARRIBEAN CRUISE LINES, INC,

    Defendant.

_____/

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant Carribean Cruise Line, Inc.'s Motion to Dismiss Plaintiff's Complaint (**D.E. 23**), filed on **March 9, 2016**.

THE COURT has considered the motion, the response in opposition, the reply, pertinent portions of the record, and arguments presented in open court on December 13, 2016, and being otherwise fully advised in the premises, it is

**ORDERED AND ADJUDGED** that Defendant's Motion is **GRANTED**. Counts II, III, and IV are dismissed with prejudice and Counts I and V are dismissed without prejudice.

### I.  BACKGROUND

This is a Telephone Consumer Protection Act and Florida Deceptive and Unfair Trade Practices Act case. Plaintiff filed a five-count complaint against Defendant, alleging violation of the Telephone Consumer Protection Act, § 227(b)(1)(A)(iii) (Count I), the Telephone Consumer Protection Act, § 227(b)(1)(B) (Count II), the Telephone Consumer Protection Act, § 64.1220(a)(2) (Count III), the Telephone Consumer Protection Act, § 64.1220(b)(1) (Count IV), and the Florida Deceptive and Unfair Trade Practices Act (Count V). Plaintiff alleges Defendant

utilized an automatic dialing system to repeatedly call Plaintiff, without consent and without identifying itself, in order to induce him to purchase a cruise package. Plaintiff ultimately purchased one of the packages in an attempt to end the calls and ascertain the caller's identity. Defendant moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.  LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Detailed factual allegations are not required, but a pleading must offer more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action." *Twombly*, 550 U.S. at 555; *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004) ("To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims."). In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is "entitled to relief." *Iqbal*, 556 U.S. at 677–78.

## III.  LEGAL ANALYSIS

### A. Counts I and V: Violations of 47 U.S.C. § 227(b)(1)(A)(iii) and Fla. Stat. § 501.201 are Dismissed without Prejudice

Counts I and V of Plaintiff's Complaint are dismissed without prejudice as stated on the record in open court on December 13, 2016. Plaintiff may amend her claims for violations of the Telephone Consumer Protection Act under 47 U.S.C. § 227(b)(A)(iii) and the Florida Deceptive

2

and Unfair Practices Act, Fla. Stat. § 501.201, *et seq.*, retaining the designations "Count I" and "Count V" respectively.

### B. Count II, Violation of 47 U.S.C. § 227(b)(1)(B), is Dismissed with Prejudice.

The Telephone Consumer Protection Act states:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order by the Commission under paragraph (2)(B).

47 U.S.C. § 227(b)(1)(B) (2016).

While Plaintiff argues that his cellular phone serves as both a mobile and residential line, the Eleventh Circuit distinguishes residential land line telephone numbers from cell-phone numbers. In *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1250 (11th Cir. 2014), the court differentiated between residential landlines and cellular phone numbers in its analysis of the statutory intent behind the phrases "intended recipient" and "called parties":

> To start with, the case concerned 47 U.S.C. § 227(b)(1)(B), which prohibits initiating any telephone call to any *residential telephone line* using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. No. 8626, the telephone number in question here, is a cell-phone number.

*Id.* (emphasis in original) (citing § 227(b)(1)(B)). In *Breslow v. Wells Fargo Bank*, 755 F.3d 1265 (11th Cir. 2014), the Eleventh Circuit further distinguished residential landline telephone numbers from cellular phones under the Act by affirming a lower court ruling that noted:

> Practical realities support a distinction between residential and cellular lines. *Residential lines* are often shared by multiple users. An individual giving her home phone number to a creditor may also be giving the creditor her husband's, mother's or roommate's home number. Any of these individuals could answer the phone should the creditor attempt to call the line in an effort to collect the debt. . . . *Cellular lines*, on the other hand, are personal to an individual—one person rarely answers another's cellular phone. Thus, the intended recipient and actual

3

recipient of a call to a cellular line is most often the same person, making a broader exemption less necessary than for residential lines.

857 F. Supp. 2d 1316, 1320-21 (S.D. Fla. 2012) (emphasis added); *see also Fini v. Dish Network*, L.L.C., 955 F. Supp. 2d 1288, 1300 (M.D. Fla. 2013) ("It is also apparent that Defendant would be shielded from TCPA liability by the FCC's exemption for commercial calls that do not constitute telephone solicitation, if only its customer had misrepresented that his phone number was a residential line instead of a cellular line. . . . Nevertheless, this Court is bound by the law that it finds, not the law that it seeks.").

Plaintiff concedes that all telephone calls at issue were made to his cellular telephone number, and the Court finds Plaintiff's assertion that a cellular phone can be converted into a residential phone unavailing. Therefore, the Court grants Defendant's motion as to Count II.

### C. Count III, Violation of 47 C.F.R. § 64.1220(a)(2), is Dismissed with Prejudice

Plaintiff brings claims under both 47 C.F.R. § 64.1220(a)(2) and 42 U.S.C. § 227(b)(1)(A). Section 227(b)(3)(A)-(C) provides a private right of action:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State
> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> (C) both such actions.
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3)(A)–(C).

While Plaintiff also seeks a private right of action under 47 C.F.R. 64.1220(a)(2), section 64.1220 merely reiterates the statutory prohibition prescribed by 42 U.S.C. § 227(b)(1)(A).

4

Because Plaintiff has the opportunity to amend her allegations under section 227(b)(1)(A), the Court grants Defendant's motion to dismiss Count III.

### D. Count IV: Violation of 47 C.F.R. § 64.1220(b)(1), is Dismissed with Prejudice

Plaintiff similarly seeks a private right of action under 47 C.F.R. § 64.1220(b)(1). For the reasons stated in the Court's analysis of Plaintiff's claim for violation of 47 C.F.R. § 64.1220(a)(2), the Court also grants Defendant's motion to dismiss Count IV.

## IV. CONCLUSION

For the reasons put forth in this Order, it is

**ORDERED AND ADJUDGED** that Defendant Carribean Cruise Lines, Inc.'s Motion to Dismiss Plaintiff Craig Cunningham's Complaint is **GRANTED**. It is further

**ORDERED AND ADJUDGED** that Counts II, III, and IV are **dismissed with prejudice**. It is further

**ORDERED AND ADJUDGED** that Count I and V are **dismissed without prejudice**. It is further

**ORDERED AND ADJUDGED** that Plaintiff shall file an Amended Complaint by **noon** on **January 15, 2017** and the failure to do so will be grounds for dismissal.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th of December 2016.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record